James **FREGO** *v.*
**JONESBORO CIVIL SERVICE COMMISSION**

84-222                          684 S.W.2d 258

Supreme Court of Arkansas
Opinion delivered February 18, 1985

*Wilson, Grider & Castleman,* by: *Murrey L. Grider,* for appellant.

*Judy A. Henson,* for appellee.

ROBERT H. DUDLEY, Justice. This appeal involves construction of the rules and regulations of the Jonesboro Fire Department and the Jonesboro Civil Service Commission. Jurisdiction to interpret rules of administrative agencies and regulatory bodies is in this Court. Rule 29(1)(c).

Section 49 of the regulations of the Jonesboro Fire Department provides for testing fire department lieutenants on their knowledge of the location of streets and fire hydrants. It further provides that lieutenants who fail to maintain an average yearly score of 70% are given a one-year grace period to bring up this average. If a lieutenant does not bring his average to 70% within that year, he will be demoted. Appellant, Lieutenant James Frego, has been employed by the Jonesboro Fire Department for over fifteen years. In 1980, he received written notice from the Fire Chief that his 1979 average on the streets and hydrants exam was 56%, his 1980 score was 68%, and that he must maintain a 70% average to maintain the rank of lieutenant. In 1981, he brought his average up to 77%, but in 1982 his average dropped to 59%. The Chief notified him that if he did not bring his average up to 70% by December, 1983, he would be reduced in rank from lieutenant to hoseman. His 1983 exam score was only 41%. The Chief gave appellant written notice that he would be reduced in rank in January, 1984. Appellant appealed to the Jonesboro Civil Service Commission. After a hearing the Commission voted unanimously to uphold appellant's demotion. Upon appeal, the circuit court affirmed the decision of the Commission. We affirm the circuit court.

Appellant first contends that the circuit court erred in construing the rules and regulations of the fire department and Civil Service Commission. We find no merit in the argument.

The elements of the fire department regulation providing for demotion for failure to maintain a 70% average have been set out.

Next, Section 13 of the Civil Service regulations

authorizes the Chief to reduce appellant in rank. "A member . . . may be . . . reduced in rank . . . for cause, and the person so reduced . . . shall be served with the reason . . . in written form by the Chief of the department."

Appellant argues that the Chief is prevented from reducing him in rank since an article of the Civil Service regulations provides that the Chief shall make day to day rules for the operation of the department. Again, the argument is without merit. The regulation giving the Chief authority to make day to day rules is complementary and not inconsistent with the regulations giving him authority to reduce members of the department in rank.

Appellant contends that the fire department regulations are invalid because Ark. Stat. Ann. § 19-1604 (Repl. 1980) requires that city councils adopt regulations by ordinance, but the Jonesboro City Council only adopted the rules by motion. The argument is without merit because the statute is open ended as to the method of adoption. In parliamentary practice adopt means "to accept, as a report." Webster's New International Dictionary, Second Edition (1953). There was compliance with the statute when the city accepted the regulations by motion.

Appellant contends that the Civil Service Commission cannot enforce fire department regulations since the commission did not adopt those regulations. The answer to that argument is that Ark. Stat. Ann. § 19-1603 give the Civil Service Commission the authority to enforce fire department regulations adopted by the city council.

Appellant next argues that the ordinance creating the Civil Service Commission was adopted on April 4, 1983, and that it repealed any conflicting regulations. From that basis, he argues that the fire and hydrant exam is in conflict with the ordinance creating the Civil Service Commission, and that he cannot yet be demoted because, after it was re-adopted, he was entitled to one year to take the exam, to April 4, 1984, and one year of grace, to April 4, 1985. The argument is of no avail because the regulation providing for the exam and the ordinance creating the commission are not

in conflict. The ordinance did not repeal the regulation.

Appellant last argues that he was denied due process because the transcript of his hearing before the Commission was not "stenographically recorded." See Ark. Stat. Ann. § 19-1603 (Repl. 1980). The answer to that argument is that appellant was not denied due process since the circuit court allowed appellant to supplement the record with the exhibit which, he contends, was left out of the original transcript. As a result, there is no material omission from the original transcript which could have caused appellant a denial of due process.

Affirmed.