Randall D. GRITTS *v.* STATE of Arkansas

CR 93-753                                         864 S.W.2d 859

Supreme Court of Arkansas
Opinion delivered November 8, 1993

*Pope, Shamburger, Buffalo & Ross*, by: *Brad A. Cazort*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sherry L. Daves*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Randall Gritts, appeals his DWI conviction on the ground that a police officer employed by Fairfield Bay, a planned community, who was also a deputy sheriff of Van Buren County, had no jurisdiction to arrest him in an area within the county but outside the community. We hold that the arrest was valid and affirm the trial court.

The Fairfield Bay Department of Public Safety (FBDPS) received a telephone call that a car was stopped on Highway 330 in Van Buren County and that the driver appeared to be asleep. Officer Gray, a police officer with FBDPS and an appointed deputy sheriff of Van Buren County, Arkansas, reported this information to the sheriff's office by radio and in response he was instructed to "check it out." Upon arrival, he found a 1991 Ford Bronco with the driver's door open a few inches, lights on and motor running. Gritts was sitting in the driver's seat. Officer Gray opened the car door and noted a strong odor of what he believed were intoxicants. When Gritts did not respond to the officer's statements to him, the officer shook Gritts's left arm several times to awaken him. Gritts exited the car and was administered three field sobriety tests, which he failed. He was then placed under arrest for a possible DWI.

After a finding of guilty of DWI-I in a municipal court, Gritts appealed to the Van Buren County Circuit Court and filed a motion to suppress the arresting officer's testimony, alleging that Officer Gray was outside the territorial limits of his jurisdiction of Fairfield Bay and had no more arrest powers than a private citizen.

The issue on appeal is whether the trial judge erred in denying Gritts's motion and in finding that Officer Gray had juris-

diction and authority to arrest Gritts in Van Buren County. Ark. Code Ann. § 14-15-503 (1987) provides in pertinent part:

> (a) Every deputy sheriff appointed as provided by law shall possess all the powers of his principal and may perform any of the duties required by law to be performed by the sheriff.
>
> (b) Deputy sheriffs are authorized to make arrests for misdemeanor offenses and felony offenses and exercise all other powers as deputy sheriffs while in the course of their employment for planned community property owner associations or suburban improvement districts.

The first rule in interpreting a statute is to construe it just as it reads by giving words their ordinary and usually accepted meaning. *Farnsworth* v. *White County*, 312 Ark. 574, 851 S.W.2d 451 (1993). Statutes relating to the same subject should be read in a harmonious manner if possible. *City of Ft. Smith* v. *Tate*, 311 Ark. 405, 844 S.W.2d 346 (1993). In interpreting a statute and attempting to construe legislative intent, the appellate court looks to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate means that throw light on the subject. *Id.*

Looking first at the language of sections (a) and (b) of the statute, we see that the legislature intended to provide all deputy sheriffs with the power to perform all duties as required by law to be performed by a sheriff and in addition these powers are specifically provided to deputy sheriffs while in the course of their employment for planned community property owners associations such as Fairfield Bay.

As a sheriff is given the legislative authority to be a "conservator of the peace in his county" Ark. Code Ann. § 14-15-501 (1987), the same is true of a deputy sheriff employed by a planned community for he is likewise authorized by statute to stand in the stead of his sheriff and discharge his duties throughout his county. In *Dilday* v. *State*, 300 Ark. 249, 778 S.W.2d 618 (1989), we held that deputies employed by "planned communities" have the authority to arrest.

Thus, given the fact that employees of a planned community can be deputized as sheriffs and have authority to make

arrests throughout the county, the only remaining question appears to be whether or not Officer Gray, at the time of placing Gritts under arrest was in fact a Van Buren County deputy sheriff acting in his capacity as a deputy.

James Hale, Chief of Police of Fairfield Bay, explained the procedure for hiring officers such as Officer Gray. He explained that his office takes the applications, interviews prospective employees, and contacts the Sheriff's office. The Sheriff then reviews the applications and possibly interviews the applicants. If he is satisfied with Fairfield Bay's choice, the applicant is hired and appointed a deputy sheriff — the Sheriff having the final word on the decision. "The chain of command is the sheriff, the chief deputy and then me and my assistant."

Carrol Ward, former sheriff of Van Buren County, testified that he deputized Officer Gray while he was working for FBDPS and that he maintained supervisory powers over him while he was deputized. A duplicate copy of Officer Gray's official oath of office as a deputy sheriff was placed into evidence.

Relying on § 14-15-503(b), Gritts claims that Officer Gray does not have jurisdiction to arrest outside the planned community as it provides that a deputy sheriff who is working for an improvement district is authorized to make arrests while in the course of his employment, meaning within the Fairfield Bay area. After reading the legislative history of Ark. Code Ann. § 14-15-503 (1987), the trial judge found, "Section (b) had to do with something other than specifically limiting the authority of a deputy sheriff within a planned community. I don't feel that the Legislature intended to limit the authority of a deputy sheriff."

The legislative history of Ark. Code Ann. § 14-15-503 (1987) supports the circuit court's finding. Act 237 § 3 of 1977 reflects that the purpose behind broadening the powers of deputy sheriffs was to protect the public against escalating crime:

> It is hereby found and determined by the General Assembly of the State of Arkansas that due to the increase in crime rate, especially in suburban areas, it is necessary to expand the authority of deputy sheriffs to provide more adequate protection to the citizens of this State, and that crime protection can be afforded planned communities by their employment of deputy sheriffs as security officers.

Therefore, an emergency is declared to exist and this Act being necessary for the immediate preservation of the public peace, health and safety shall take effect and be in force from the date of its approval.

Gritts also makes much of the fact that employees of the FBDPS are not, strictly speaking, considered employees of the Van Buren County Sheriffs Office. He emphasizes that FBDPS employees do not receive their paychecks from nor are they covered by the same bond as the Sheriff's Office employees. He also mentions that pursuant to Ark. Code Ann. § 14-15-503(d) (1987), Fairfield Bay, rather than the Sheriff's Department, must purchase and maintain liability insurance to protect its deputy sheriffs.

While this is true, these special circumstances are of no moment for it is clear from an examination of the words of the statute and its legislative history, that the legislature intended that officers who are employed by planned communities and who are also appointed deputy sheriffs have the same jurisdictional powers as other deputy sheriffs within the county of their appointment. Such was the case with Officer Gray.

Accordingly, Gritts's conviction is affirmed.