The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion concerning the adoption of a "Policy and Procedures Manual" for the Malvern Fire and Police Departments, and related matters. In correspondence attached to your request, Mr. Steve Northcutt, Chairman of the Malvern Civil Service Commission, stated:
 As we understand Arkansas Code 14-51-301, it is the duty of the Civil Service Commission, not the City Council, to `prescribe, amend, and enforce rules and regulations governing fire and police departments of their respective cities.'
See letter from Malvern Civil Service Commission to Senator George Hopkins, dated August 18, 1994, quoting A.C.A. §14-51-301.
The following specific questions are asked in this regard:
 1. Is it the responsibility of the Malvern Civil Service Commission or the Malvern City Council to adopt the Policy and Procedures Manual for the Malvern Fire and Police Departments?
 2. If the Policy and Procedures Manual is adopted by the Malvern City Council, does each revision or addition to the manual require city council approval?
 3. If the original rules of the Malvern Civil Service Commission were adopted in accordance with Ark. Stat. Ann. § 19-1603 [A.C.A. § 14-51-301] and the subsequent revisions have been likewise adopted, can the Malvern City Council require that new revisions from now on be approved and adopted by the Malvern City Council?
In response to your first question, it is my opinion that both the Malvern Civil Service Commission and the Malvern City Council have the authority to adopt a Policy and Procedures Manual for the Malvern Fire and Police Departments.
Arkansas Code Annotated § 14-51-301 explicitly gives civil service commissions the authority to "prescribe, amend, and enforce rules and regulations" for their respective municipalities. A.C.A. § 14-51-301(a)(1). At the same time, A.C.A. § 14-51-302 provides that employees of the police and fire departments "shall be governed by rules and regulations set out by the chief of their respective police or fire departments after rules and regulations have been adopted by the governing bodies of their respective municipalities." Section 14-51-302 is admittedly vague, and gives rise to two questions that are crucial to the issues addressed in this opinion. The first such question is whether the "rules and regulations" referred to in §14-51-302 as being adopted by the municipal governing bodies are the same as those set out by the chiefs of the police and fire departments, or whether the phrase refers to a set of rules and regulations adopted independently by the municipal governing body. The second such question is who is meant by the phrase "governing bodies."
The Arkansas Supreme Court has interpreted the second reference in § 14-51-302 to "rules and regulations" (i.e., those that have been adopted by the municipality's governing body) to mean those referred to previously in the same sentence, that is, the rules and regulations set out by the chiefs of police and fire departments. See, e.g., Malvern Civil Service Commission v.Bass, 252 Ark. 178, 477 S.W.2d 842 (1972); Civil ServiceCommission of North Little Rock v. McDougal, 198 Ark. 388,129 S.W.2d 589 (1939). This interpretation precludes the possibility of the "governing body" (if that body is an entity other than the civil service commission) having independently adopted a set of rules and regulations. As to who is meant by the phrase "governing bodies," the Court has, on some occasions, interpreted the phrase "governing bodies," as used in § 14-51-302, to refer to the civil service commission (see, e.g., Bass, supra), and at other times to refer to the city council (see, e.g., Fregov. Jonesboro Civil Service Commission, 285 Ark. 35,684 S.W.2d 258 (1985)). It may therefore be concluded that under the precedent interpreting the phrase to mean the city council, city councils may adopt rules and regulations that have been promulgated by the chiefs of the police and fire departments.
Although both the city council and the civil service commission may adopt policy and procedure manuals, the two manuals must govern different matters. The manual adopted by the civil service commission may govern broadly, but may not do so in such a way as to interfere with the day-to-day management or operation of the police and fire departments. The manual adopted by the city council, by contrast, must be limited to matters involving the day-to-day management or operation of the police and fire departments.
The Arkansas Supreme Court recognized in Bass, supra, the concurrent, but separate, validity and force (in their respective areas) of the rules adopted by civil service commissions and those adopted by city councils. In Bass, the Court, addressing a question of who had authority to enforce the various rules, stated: "We are of the opinion . . . that these two sections of the statute [§§ 14-51-301 and -302] apply with equal force to different rules and regulations; those promulgated by the Civil Service Commission under § 19-1603 [A.C.A. § 14-51-301] and those promulgated by the various departments under § 19-1604 [A.C.A. §14-51-302]." Bass, 252 Ark. at 181, 477 S.W.2d at 843.
The boundaries separating the areas in which the two bodies may adopt rules and regulations are best discerned by examining the limitations on the two bodies' respective authority.
The only limitation on the authority granted to civil service commissions in § 14-51-301(a)(1) is contained in § 14-51-301(c), which states that the commission "shall not adopt any rule or rules which would authorize any interference with the day-to-day management or operation of a police or fire department." A.C.A. §14-51-301(c). Accordingly, it may be concluded that the Malvern Civil Service Commission may adopt a policy and procedures manual for Malvern's police and fire departments, as long as the manual does not contain any provision that would interfere with the day-to-day management or operation of those departments.
The limitation on the authority granted to city councils in §14-51-302 must be determined by implication from various sources. First, under the language of this Code section, as interpreted by the Arkansas Supreme Court as discussed previously, city councils may only adopt rules and regulations that have been presented by the chiefs of the departments. City councils are not authorized to formulate their own sets of rules and regulations for police and fire departments. Second, the statutes appear to carve out a limited area about which the department chiefs may prescribe rules: the day-to-day management or operation of their departments. This conclusion is evident from the fact that the only specific reference to the police and fire departments' authority with regard to rules and regulations (other than in §14-51-302) is the prohibition against the civil service commission's interference in the day-to-day management and operation of the departments. Moreover, the chiefs of the departments derive their authority from the civil service commission, via § 14-51-301. This latter Code section does not provide authority for the commission to delegate rulemaking power to the chiefs, and the Arkansas Supreme Court has stated that for the commission to do so would be an unlawful delegation. SeeMcDougal, supra. Accordingly, it may be concluded that the chiefs of the police and fire departments may only exercise the rulemaking power that has been explicitly referred to in the statutes, i.e., the power to set out rules and regulations governing the day-to-day management or operation of the police and fire departments.
Therefore the city council may only approve a policy and procedures manual that governs the day-to-day management and operation of the police and fire departments.
While it may be concluded that both the city council and civil service commission may adopt a policy and procedures manual, it must also be concluded that if both do so, the two manuals cannot be inconsistent. The Arkansas Supreme Court has stated that the authority of the chiefs of the departments to make day-to-day rules is "complementary and not inconsistent with" the regulations adopted by the civil service commission. Frego,supra. Moreover, the Arkansas Supreme Court has stated that the chiefs of police and fire departments cannot exercise power in excess of that exercised by the source from which their power is derived, i.e., the civil service commission. See McDougal,supra.
It is my opinion that the answer to your second question regarding revisions or additions to the manual is "yes." If the policy and procedures manual is one promulgated by the chiefs of the departments and adopted by the Malvern City Council, each revision or addition to the manual does require city council approval. Any revision or addition to a set of rules originally adopted by the city council will create a new and different set of rules and regulations than that originally adopted. If this new and different set of department chiefs' rules and regulations is not adopted by the city council, there will be no compliance with A.C.A. § 14-51-302, which requires that the city council adopt such rules and regulations.
The law, however, does not prescribe any particular manner by which the city council must approve department chiefs' rules and regulations, or revisions and additions thereto. In Frego,supra, the appellant argued that certain rules adopted by the city council were invalid because the council had adopted them by motion, rather than by ordinance. The Court rejected the argument, stating: "[t]he argument is without merit because the statute is open ended as to the method of adoption. In parliamentary practice adopt means `to accept, as a report.'Webster's New International Dictionary, Second Edition (1953). There was compliance with the statute when the city accepted the regulations by motion." Frego, 285 Ark. at 37,684 S.W.2d at 260.
It may be concluded, then, that the city council must adopt revisions or additions to any policy and procedures manual that it has approved, and that as long as the city council's action is a valid act of the council, any method of adoption of the revisions or additions is valid.
It is my opinion that the answer to your third question is "no." If the original rules of the Malvern Civil Service Commission were adopted in accordance with Ark. Stat. Ann. § 19-1603 [A.C.A. § 14-51-301] and the subsequent revisions have been likewise adopted, the Malvern City Council cannot require that new revisions from now on be approved and adopted by the Malvern City Council. The rules adopted by civil service commissions are governed by A.C.A. § 14-51-301, which does not grant any authority to city councils in connection therewith. The statute states that the rules will have the force and effect of law. Although the rules prescribed by the chiefs of the police and fire departments must be approved by the city council, those adopted by civil service commissions are not subject to any similar requirement. Accordingly, revisions to any rules adopted by the civil service commission likewise need not be approved by the city council.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh