The Honorable Larry Mitchell State Representative P.O. Box 81 Bryant, Arkansas 72022
This is in response to your request for an opinion on the following questions:
 1. Does an off-duty certified Deputy Sheriff have the authority to arrest for a misdemeanor when the misdemeanor is committed in his presence?
 2. Does an off-duty certified Police Officer have the authority to arrest for a misdemeanor when the misdemeanor is committed in his presence?
It is my opinion that the answer to both of these questions is "yes." I should note, however, that a separately issued opinion of this office, Op. Att'y Gen. 96-128 (copy enclosed), addresses the question of the issuance of citations and arrests for misdemeanor charges by auxiliary law enforcement officers.
In response to your questions, it is my opinion that the case of Meyersv. State, 253 Ark. 38, 484 S.W.2d 334 (1972), is controlling. In Meyers,
a City of Little Rock Police Department patrolman was employed as a security guard at a downtown motel. During the hours he was working for the motel, he made an arrest for breach of the peace for a disturbance occurring at the motel. The defendant was also charged with resisting arrest. The defendant argued that he could not be charged with resisting arrest because the patrolman was not a police officer but an employee of the motel at the time of the arrest. The court held otherwise, and upheld the arrest authority of the police officer. The court cited Arkansas statutes making police officers "peace officers" under the criminal code, and stated that:
 No exception is made for any time when the officer is not working a designated shift or when he is working for a private employer while off his regular duty. A city policeman may, upon view, arrest any person who may be guilty of any crime against the laws of the state. [Citation omitted.] Further, it is his duty to suppress all breaches of the peace and to apprehend all persons in the act of committing any offense against the laws of the state. [Citation omitted.] There is nothing in any of our statutes to restrict the right of a policeman to make an arrest at any particular time of the day, week, month or year or to limit his duty to do so to the hours designated for his regular work shift. . . . He is, in a sense, on duty 24 hours a day, seven days a week and is not relieved of his obligation to preserve the peace while `off-duty.' [Emphasis added.]
253 Ark. at 45.
The court cited a number of cases from other jurisdictions to the same effect. Id. at 45. Cf. also, Gibson v. State, 316 Ark. 705,873 S.W.2d 562 (1994) (holding that an off-duty police officer working security for the apartment complex where he lived was acting as a police officer for purposes of charging a defendant with assaulting him in an altercation at the apartments). Although the Meyers case involved a city police officer, the court cited another older decision, St. LouisI. M S. Ry. Co. v. Hackett, 58 Ark. 381, 24 S.W. 881 (1894), involving a deputy sheriff employed by a railroad to protect its depot, and stated that the court did not hold or suggest in that opinion that a deputy sheriff so employed did not have the power to make an arrest. Seealso Gritts v. State, 315 Ark. 1,864 S.W.2d 859 (1993) (involving deputy sheriffs employed by a planned community), and Dilday v. State, 300 Ark. 249,778 S.W.2d 618 (1989) (same).
It appears, therefore, that the decisions above are controlling precedent on your question. In addition, Rule 4.1(a)(iii) of the Arkansas Rules of Criminal Procedure authorizes law enforcement officers to make arrests without a warrant for any violation of law occurring in the officer's presence. As such, it is my opinion that certified law enforcement officers have the authority to make arrests for misdemeanors occurring in their presence while off-duty.
I should note, however, that questions may arise as to the liability of the county or city for actions of such officers while off-duty, or while employed by private entities. In this regard, I have enclosed a copy of Op. Att'y Gen. 92-349 which addresses this question. In addition, I have assumed herein that there are no relevant county or city ordinances circumscribing the officers' authority in this regard. The authority of a county or city to circumscribe the authority of such officers or deputies by appropriate local ordinances is an issue not raised by your request. I will, therefore, not undertake an analysis of that issue herein.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh