The Honorable Harmon R. Seawel State Representative 5761 Highway 328 West Pocahontas, AR 72455-8661
Dear Representative Seawel:
This is in response to your request for an opinion regarding the authority of a suburban improvement district to hire a law enforcement officer to provide security, in accordance with A.C.A. § 14-15-503
(Repl. 1998). You have asked, specifically, whether "Constable" can be interchanged with "Deputy Sheriff" within the context of this Code section.
RESPONSE
It is my opinion that a constable who has been deputized by the sheriff as a sheriff's deputy may be employed by a suburban improvement district to provide security in accordance with A.C.A. § 14-15-503. In my opinion, however, the word "constable" cannot simply be interchanged with "deputy sheriff" under this provision. Rather, in my opinion it would necessary for the sheriff to deputize the constable in order for §14-15-503 to be applicable.
The legislature has specifically provided deputy sheriffs with all powers of the sheriff while in the course of their employment for a suburban improvement district as follows under A.C.A. § 14-15-503:
 (a) Every deputy sheriff appointed as provided by law[1] shall possess all the powers of his principal and may perform any of the duties required by law to be performed by the sheriff.
 (b) Deputy sheriffs are authorized to make arrests for misdemeanor offenses and felony offenses and exercise all other powers as deputy sheriffs while in the course of their employment for planned community property owners' associations or suburban improvement districts.
The Arkansas General Assembly has thus clearly expanded the authority of deputy sheriffs to include the exercise of existing law enforcement powers while in the employ of property owners' associations or suburban improvement districts. The Arkansas Supreme Court has characterized this as a "broadening" of the powers of deputy sheriffs. Gritts v. State,315 Ark. 1, 4, 864 S.W.2d 859 (1993). In Gritts, the court interpreted §14-15-503 to permit a deputy employed by a planned community property owners' association to make arrests at places within the county that are outside, as well as inside, the planned community. The court in Gritts
stated:
 [T]he legislature intended that officers who are employed by planned communities [or suburban improvement districts] and who are also appointed deputy sheriffs have the same jurisdictional powers as other deputy sheriffs within the county of their appointment.
315 Ark. at 5.
My predecessors have previously opined that one person's service as both deputy sheriff and constable generally presents no unlawful conflict of interest. See Op. Att'y Gen. Nos. 92-166 and 90-051. It is therefore my opinion that the sheriff could deputize the constable, assuming that he met the necessary qualifications, and that § 14-15-503 would then apply if the suburban improvement district employed him, as deputy sheriff, to provide law enforcement services to the district. He would then have the same jurisdictional powers as other deputy sheriffs while in the course of his employment for the district.
It is my opinion, however, that § 14-15-503 extends only to deputy sheriffs employed by planned communities or suburban improvement districts. It does not extend to other law enforcement officers.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] See Op. Att'y Gen. 87-312 regarding the sheriff's authority to appoint deputies to positions established by the quorum court.