The Honorable Steve Higginbothom State Senator P.O. Box 242 Marianna, Arkansas 72360
Dear Senator Higginbothom:
I am writing in response to your request for my opinion on the following question, which you have submitted on behalf of the sheriff of St. Francis County:
 What is the law on farm tractors moving wide loads on an Arkansas state highway, at night?
 The sheriff has specifically expressed concern about "the safety and legality of moving plows, combines, etc. that are 20' or more wide, taking up most of the road, traveling at night."
RESPONSE
In my opinion, it is illegal to move wide loads on farm tractors on an Arkansas state highway at night without first obtaining a permit to do so from the State Highway Commission. A.C.A. § 27-35-210 (Supp. 2001).
Section 27-35-101 of the Code (Repl. 1994) provides:
 It is a misdemeanor for any person to drive or move, or for the owner to cause or knowingly permit to be driven or moved, on any highway, any vehicle of a size or weight exceeding the limitations stated in this subchapter or otherwise in violation of this subchapter.
As the sheriff acknowledged in his correspondence to you, A.C.A. §27-35-102, enacted as Act 300 of 1937, provides that "[t]he provisions of this subchapter governing size, weight, and load shall not apply to . . . implements of farm husbandry, including farm tractors, temporarily moved upon a highway, or to a vehicle operated under the terms of a special permit issued as provided in this subchapter."[1] This statute clearly suggests farm tractors are exempt from size, weight and load regulations and consequently would never need to seek a "special permit" to move upon a highway — at least so long as the movement were "temporary." However, more recent legislation suggests a different conclusion. Specifically, A.C.A. § 27-35-210(a)(2) provides:
 (A) It shall not be necessary to obtain a permit for nor shall it be unlawful to move any vehicle or machinery in excess of the maximum width prescribed in § 27-35-206 which is used for normal farm purposes only such as, but not limited to, hay harvesting equipment, plows, tractors, bulldozers, combines, etc., where:
(i) It is hauled on a vehicle licensed as a natural resources vehicle;
 (ii) The vehicle or machinery is being transported by a farm machinery equipment dealer or repairman in making a delivery of new or used equipment or machinery to the farm of the purchaser; or
 (iii) The vehicle or machinery is being used in making a pick up and delivery of the farm machinery or equipment from the farm to a shop of a farm equipment dealer or repairman for repairs and return to the farm; and
 (iv) The movement is performed during daylight hours within a radius of fifty (50) miles of the point of origin thereof and no part of the movement is upon any highway designated and known as a part of the national system of interstate and defense highways or upon any fully controlled access highway facility.
 (B) It shall not be unlawful to nor shall it be necessary to obtain a special permit to transport round bales of hay upon any public highway or road that is not a fully controlled highway or road if the load does not exceed twelve feet (12') in width.
(Emphasis added.) As the highlighted passage confirms, with respect to any movement of farm equipment at night, subsection (a)(2)(A) of this statute requires the party moving the equipment to obtain a permit to do so. Subsection (a)(2)(B) might be read as carving out an exception to this rule in the case of transferring hay bales below the recited width.
In my opinion, A.C.A. §§ 27-35-102 and -210(a)(2) are flatly contradictory insofar as the former sets forth a blanket exemption from regulation for the movement of farm equipment whereas the latter sets forth specific restrictions on such activity. Accordingly, I must resort to accepted principles of statutory construction to determine which statute states current law.
Legislative enactments that are alleged to be in conflict must be reconciled, read together in a harmonious manner, and each given effect, if possible. Gritts v. State, 315 Ark. 1, 864 S.W.2d 859 (1993); City ofFort Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993). Repeal by implication is not favored and is "never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together." Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994). . . . When two legislative enactments are in such irreconcilable conflict that both cannot stand together, the conflicting provisions of one are repealed by implication by the other. Donoho,318 Ark. 637; Ward School Bus Mfg., Inc. v. Fowler, 261 Ark. 100,547 S.W.2d 394 (1977). Ordinarily, the provisions of an act adopted later in time repeal the conflicting provisions of an earlier act. Danielsv. City of Fort Smith, 268 Ark. 157, 594 S.W.2d 238 (1980). The Arkansas Supreme Court has consistently held that repeal by implication is accomplished where the earlier and later statutory provisions are invincibly repugnant to one another. Board of Trustees v. Stodola,328 Ark. 194, 942 S.W.2d 255
(1997), citing Donoho v. Donoho, 318 Ark. 637, 639,887 S.W.2d 290, 291 (1994). The court has also stated: "`[A] repeal by implication is accomplished where the Legislature takes up the whole subject anew and covers the entire ground of the subject matter of a former statute and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new.'" Morrison v. Jennings,328 Ark. 278, 293, 943 S.W.2d 559 (1997), quoting Uilkie v. State,309 Ark. 48, 53,827 S.W.2d 131, 134 (1992), quoting Berry v. Gordon, 237 Ark. 547,376 S.W.2d 279 (1964).
Applying these principles, I believe A.C.A. § 27-35-210(a)(2) clearly states the law regarding the movement of farming equipment. This statute was enacted in its current form as Act 32 of 1971, long after the enactment of A.C.A. § 27-35-102 in 1937. The more recent statute appears to reflect a more modern concern for safety of the sort expressed by the sheriff of St. Francis County. Accordingly, in my opinion, the sheriff would be warranted in treating as a misdemeanor any unpermitted nighttime movement of farm equipment along a state highway, with the possible exception of equipment hauling round bales of hay not exceeding 12 feet in width.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] In my opinion, the use of the term "subchapter" in this statute is misleading and should actually read "chapter." Chapter 35 of title 27 of the Code deals with Size and Load Regulations. Subchapter 1 only sets forth the General Provisions applicable to chapter 35. The permissible weights and dimensions are set forth primarily in subchapter 2.