Terry D. Jones, Prosecuting Attorney Fourth Judicial District 280 North College, Suite 301 Fayetteville, AR 72701
Dear Mr. Jones:
I am writing in response to your request for my opinion on several questions arising from the following reported facts:
 One of our District Judges recently sentenced a juvenile offender to 6 months in the city jail pursuant to ACA § 16-17-133. But the juvenile code itself appears to limit a Circuit Judge to sentence a juvenile offender to [no] more than 90 days (ACA § 9-27-330) in a detention facility.
The apparent tension between these statutes has prompted you to pose several questions that I will paraphrase as follows:
 1. Do the provisions of A.C.A. §§ 16-17-133 and 9-27-330 regarding the sentencing options for juvenile offenders conflict?
 2. If the answer to question 1 is "yes," which statute would prevail? Was it the Legislature's intent to bestow special powers to the District Courts by this statute?
RESPONSE
In my opinion, the answer to your first question is "no." The statutes independently address the respective sentencing authority of district and circuit judges. I do not consider it a "conflict" that a district judge may under certain specified circumstances sentence a juvenile to a longer period of incarceration than may a circuit judge in adjudicating a juvenile delinquent. Your second question is consequently moot.
Question 1: Do the provisions of A.C.A. §§ 16-17-133 and 9-27-330regarding the sentencing options for juvenile offenders conflict?
Although I would take issue with the term "conflict," you are correct in pointing out that A.C.A. § 16-17-133 (Supp. 2003) affords a district judge the authority to incarcerate a juvenile convicted of certain offenses for a longer period of time than A.C.A. § 9-27-330 (Supp. 2003) allows a circuit judge to incarcerate a juvenile adjudged delinquent.
With respect to the sentencing authority of a district judge, A.C.A. §16-17-133 provides in pertinent part:
 (a)(1) Municipal courts[1] have jurisdiction of juvenile defendants for violation of local codes or ordinances, game and fish violations, and traffic offenses.
 (2) Juveniles charged with these offenses are subject to the same penalties as adults unless otherwise provided in this section.
 (b) A juvenile subject to the jurisdiction of a municipal court shall not be incarcerated unless the juvenile:
 (1) Commits a second offense for which the court has jurisdiction within one (1) year of the first offense;
(2) Willfully violates probation; or
 (3) Willfully fails to pay a fine or perform community service work or other sanction properly ordered by the court.
With respect to the sentencing authority of a circuit judge sitting in the juvenile division of circuit court, A.C.A. § 9-27-330(a)(11)(A)(1) provides that the judge may order that a juvenile adjudged delinquent "remain in a juvenile detention facility for an indeterminate period not to exceed ninety (90) days."[2] Accordingly, if the maximum adult penalties for "violation of local codes or ordinances, game and fish violations, and traffic offenses" exceed 90 days of detention, and further if incarceration is permitted under A.C.A. § 16-17-133(b), a district judge is empowered to incarcerate a juvenile for a greater period of time than a circuit judge. However, I should note that a circuit judge may impose a sentence exceeding 90 days if the juvenile is tried as an adult or designated subject to extended juvenile jurisdiction as defined at A.C.A. § 9-27-501 (Supp. 2003).[3] A circuit judge further has the authority to commit a juvenile to the Division of Youth Services of the Department of Human Services "for an indeterminate period not to exceed the juvenile's twenty-first birthday, except as otherwise provided by law." A.C.A. § 9-27-331(a)(1).
Question 2: If the answer to question 1 is "yes," which statute wouldprevail? Was it the Legislature's intent to bestow special powers to theDistrict Courts by this statute?
As I suggested in my response to your previous question, I do not consider these statutes to be in conflict. It is a well established principle of statutory construction that legislative enactments must be reconciled, read together in a harmonious manner, and each given effect, if possible. Gritts v. State, 315 Ark. 1, 864 S.W.2d 859 (1993); City ofFort Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993). Subsection16-17-133(a) of the Code is unambiguous in declaring that the district court has jurisdiction over certain specified juvenile cases and that adult penalties will apply unless otherwise indicated. In my opinion, a conviction in any such case simply falls into a different category than an adjudication of delinquency.
I appreciate that it appears anomalous that an inferior court judge is empowered under certain circumstances to order a longer period of juvenile detention than is a circuit court judge serving in the juvenile division. However, the Code is unambiguous in thus dispensing sentencing authority. In my opinion, any change in this arrangement must come through legislative action. The available scope of sentencing is wholly a matter of statute.
Finally, I should note that I do not intend this opinion to be a commentary on the legality of any particular incarceration. As an executive officer, the Attorney General has long followed a policy of not second-guessing specific judicial determinations.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] Pursuant to Ark. Const. amend. 80, § 7, municipal courts were redesignated as "district courts." See A.C.A. § 16-17-132(a)(1)(A) ("All municipal courts now in existence shall be known as district courts.").
[2] Subsection 9-27-330(a) directly states that the provisions of that Code section, including A.C.A. § 9-27-330(a)(11)(A)(i), set forth the available sentencing alternatives "[i]f a juvenile is found to be delinquent." The legislature thus intended the detention to be a post-adjudication sentence. However, this seems at odds with the following definition of the term "juvenile detention facility":
 "Juvenile detention facility" means any facility for the temporary care of juveniles alleged to be delinquent, or adjudicated delinquent and awaiting disposition, who require secure custody in a physically restricting facility designed and operated with all entrances and exits under the exclusive control of the facility's staff, so that a juvenile may not leave the facility unsupervised or without permission[.]
(Emphasis added.) The highlighted passage suggests that juvenile detention is appropriate only during the pre-disposition phase of proceedings. I am unable to account for this discrepancy.
[3] For a discussion of the law applicable to your question prior to the enactment in 2001 of A.C.A. § 16-17-133, see Ark. Op. Att'y Gen. No.2000-149.