Tommy DONOHO *v.* C. C. DONOHO

93-1348                                        887 S.W.2d 290

Supreme Court of Arkansas
Opinion delivered November 14, 1994

*Harper, Young, Smith & Maurras*, by: *S. Walton Maurras*, for appellant.

*Jones, Gilbreath, Jackson & Moll*, by: *Robert L. Jones, Jr.* and *Charles R. Garner, Jr.*, for appellee.

TOM GLAZE, Justice. This case involves litigation between two brothers, C. C. Donoho and Tommy Donoho, over an accounting involving various family businesses. The facts necessary to reach the legal issue in this appeal are few and undisputed. On September 28, 1990, the Sebastian County Chancery Court entered a judgment in C. C.'s favor against Tommy in the amount of $150,505.30, plus interest. That decision was appealed and the court of appeals affirmed it on September 23, 1992.

On July 20, 1993, Tommy obtained from First National Bank of Ft. Smith two partial assignments of judgments the bank had against C. C. — one was dated July 20, 1993, in the amount of $220,000 and the other was dated September 9, 1992, in the amount of $50,000. On September 23, 1993, Tommy filed a motion in the chancery court seeking to set off the two partial assignments of judgments against the September 28, 1990 judgment C. C. had against him. On September 28, 1993, the chan-

cellor denied Tommy's motion, and Tommy appeals that decision.

Tommy's argument for reversal is that Ark. Code Ann. §§ 16-56-102 and 16-65-603(a) (1987) permit judgments to be set off against each other without restrictions and regardless as to when the judgments were obtained or assigned. Those statutes provide as follows:

§ 16-56-102

. . . any demand, right, or cause of action, regardless of how it may have arisen, may be asserted by way of setoff in any action to the extent of the plaintiff's demand.

§ 16-65-603(a)

Judgments for the recovery of money may be set off against each other, having due regard to the legal and equitable rights of all persons interested in both judgments.

C. C.'s response to Tommy's contention is that, under Ark. Code Ann. § 16-63-206(c) (1987), judgments assigned to the defendant *after suit* has been commenced against him shall not be allowed to be set off against the demands of the plaintiff. Thus, under this provision, because Tommy had obtained his assigned partial judgments years after C. C. had commenced suit against him, those partial judgments would be ineligible for setoff against C. C.'s suit and judgment.

Tommy counters C. C.'s position, saying that § 16-56-102 and § 16-65-603(a) are in irreconcilable conflict with the predecessor provision § 16-63-206(c) and, therefore, they impliedly repealed that provision. We disagree.

This court has held that a basic and fundamental rule when considering the effect of statutes is that repeal by implication is not favored and is never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together. *Moore* v. *McCuen*, 317 Ark. 105, 876 S.W.2d 237 (1994); *Henslee* v. *Madison Guar. Sav. & Loan Ass'n*, 297 Ark. 183, 760 S.W.2d 842 (1989). This court has also held that a general statute does not apply when there is a specific statute covering a particular subject matter.

*Cozad* v. *State*, 303 Ark. 137, 792 S.W.2d 606 (1990). That is the situation here. Sections 16-56-102 and 16-65-603(a) are provisions generally authorizing that a demand, right or course of action may be asserted by setoff and also permitting money judgments to be set off having due regard to the legal and equitable rights of all persons interested in both judgments. On the other hand, § 16-63-206(c) is a specific provision governing the timeliness of setoffs, disallowing those judgments assigned to a defendant after the plaintiff commenced suit against the defendant. Because these three provisions can be read in harmony, we believe the trial court's decision was entirely correct. Therefore, we affirm.