Ms. Jane Rogers, Director Department of Arkansas Heritage 1500 Tower Building 323 Center Street Little Rock, Arkansas 72201
Dear Ms. Rogers:
This is in response to your request for an opinion regarding the legality of certain per diem payments to the chairman of the Arkansas Natural Heritage Commission. You note that A.C.A. § 15-20-305(g) provides that members of the commission shall be paid a per diem allowance while engaged in business of the commission certified as necessary by the chairman of the commission. Your question regarding this provision is as follows:
 Is it a conflict of interest for the chairman to certify her own activities undertaken as business of the commission and to receive per diem while conducting such business?
It is my opinion that A.C.A. § 15-20-305(g) no longer controls the authorization of per diem payments by the Arkansas Natural Heritage Commission. Act 1211 of 1995 is now the sole authority for expense reimbursements, per diem, and stipends for members of the commission. In accordance, it is my opinion that members of the commission are no longer entitled to per diem payments for "business of the commission certified as necessary by the chairman." Members of the commission may, however, be eligible for a stipend of up to fifty dollars per meeting attended and for reimbursement of expenses incurred for performing official board duties.
Arkansas Code Annotated § 15-20-305 (1987) provides in part:
 (g) Members of the Arkansas Natural Heritage Commission shall serve without compensation, except that they shall be paid, from any moneys available, a per diem allowance of fifty dollars ($50.00) while actually in attendance at meetings of the commission or engaged in business of the commission certified as necessary by the chairman.
 (h) In addition to the per diem, members shall be paid a mileage allowance equal to the rate designated for state employees for each mile in traveling from their home and returning.
Section 15-20-305 was enacted in 1973 and amended in 1989. In 1995, the General Assembly enacted Act 1211 which is now codified as A.C.A. §25-16-901 et seq.
Arkansas Code Annotated § 25-16-901(a) (Supp. 1995) provides in part that the term "state board" means every state board, commission, or similar entity except the General Assembly, the State Highway Commission, and the Arkansas State Game and Fish Commission. Section 25-16-902(a) (Supp. 1995) specifies that "Every state board may, by a majority vote of the total membership of the board cast during its first regularly scheduled meeting of each calendar year, authorize expense reimbursement for each board member for performing official board duties."[1] (Emphasis supplied.) Section 25-16-903 (Supp. 1995) provides in part:
 [The Arkansas Natural Heritage Commission] may, by a majority vote of the total membership of the board cast during its first regularly scheduled meeting of each calendar year, authorize payment to its members of a stipend not to exceed fifty dollars ($50.00) per meeting attended, and the board members shall receive no other compensation, expense reimbursement, or in lieu of payments except as provided in § 25-16-902.
Finally, Act 1211 provides that "this act shall be the sole authority for expense reimbursement, per diem and stipends" and that "all laws and parts of laws in conflict with this act are hereby repealed." Act 1211 of 1995, §§ 7 10.
The Arkansas Supreme Court has held that a basic and fundamental rule when considering the effect of statutes is that repeal by implication is not favored and is never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together. Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994). Because A.C.A. § 25-16-903 authorizes a stipend and provides that board members shall receive no other compensation, expense reimbursement, or in lieu of payments except as provided in A.C.A. § 25-16-902, it is my opinion that the legislature intended to repeal A.C.A. § 15-20-305(g) and (h). Consequently, it is also my opinion that a commission member may be authorized to receive a stipend of up to fifty dollars per meeting attended and may be authorized to receive expense reimbursements for performing official board duties. A commission member is not authorized to receive any other compensation or payments.
Your letter states that the chairman of the commission is a nationally-recognized high school biology teacher who will be facilitating a week-long session involving a team of fifteen teachers from around the state. You state that the team of teachers, with technical assistance provided by four members of the Natural Heritage Commission and Department of Arkansas Heritage staff, will design biodiversity curriculum materials for use in Arkansas schools. Act 1211 offers no specific guidance in determining what constitutes a "meeting attended" or "official board duties," nor does the act specify who determines what constitutes "official board duties." It does appear that the term "meeting attended" contemplates an actual meeting of the commission. The term "official board duties," however, is not necessarily limited to attendance of commission meetings. Nevertheless, because of the limited information that I have been provided, the determination of whether attendance at the above described "work session" constitutes an "official board duty" is a matter outside the scope of an Attorney General opinion. It is, however, my opinion that applicable law grants the commission broad discretion in determining whether any particular activity is necessary or appropriate to advance the purposes of the commission. A.C.A. § 15-20-308 (1987). Thus, as a practical matter, the decision regarding whether an activity constitutes an official board duty is a decision better left initially to the discretion of the Natural Heritage Commission.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] The expense reimbursement may not exceed the rate established for state employees by state travel regulations. A.C.A. § 25-16-902(b) (Supp. 1995).