The Honorable Joe Wray Prosecuting Attorney Tenth Judicial District P.O. Drawer 32 Hamburg, Arkansas 71646
Dear Mr. Wray:
This is in response to your request for an opinion regarding the sale of a county hospital building. Specifically, you state that Chicot County owns a building that was used as a hospital seven years ago. It has been abandoned for seven years and has not had a license to operate as a hospital for six years. You state that there is no indebtedness on the building. Your question with regard to these facts is as follows:
 Chicot County wishes to sell this building pursuant to Act 364 of 1997. Would that be possible? My thinking is that the building is no longer a hospital; therefore, the statutes relating to the sale or lease of a hospital do not apply. Do you agree?
It is my opinion that the answer to your question is not entirely clear under Arkansas law and may require the analysis of facts. A convincing argument could be made, in my opinion, that the building you describe is not a "hospital" for purposes of the application of the relevant statutes. In an abundance of caution, however, the County may wish to obtain a judicial ruling on the point, which would include such a finding of fact, prior to proceeding.
The act you reference, Act 364 of 1997, recently passed by the Eighty-First General Assembly, amends A.C.A. § 14-16-106, a statute authorizing a county to sell "surplus" county personal property at public auction to the highest bidder, to include real property within its ambit. That is, the statute, as amended, allows a county to sell "surplus" real property to the highest bidder at a public auction, assuming the other requirements of the statute pertaining to notice and publication have been met.[1]
There are, however, a few other statutes[2] pertaining specifically to the sale or lease of a county hospital, and it is my understanding that the primary one of concern to the County is A.C.A. § 14-16-105(g) (Supp. 1995), which provides that:
 County hospitals constructed or maintained in whole or part by taxes approved by the voters shall not be sold unless the sale is approved by a majority of electors voting on the issue at a general or special election. This subsection is applicable to county hospitals constructed before and after July 20, 1987.
A question thus arises as to whether the County can proceed to sell the hospital building under newly enacted Act 364 of 1997 at public auction to the highest bidder, or whether, under A.C.A. § 14-16-105(g), an election is required prior to the sale of the building. It is generally held, in the construction of statutes, that a general statute does not apply where there is a specific statute governing a particular subject matter. Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994). Although the building to which you refer, if determined to be "surplus," may appear to fall within the definition of "any . . . real property," for purposes of Act 364 of 1997, it must be determined whether it is a "county [hospital] constructed or maintained in whole or in part by taxes approved by the voters . . ." so as to require an election prior to sale under A.C.A. § 14-16-105(g).
It may be argued that the building to which you refer is not a "county hospital" at all for purposes of the latter statute. The building is not currently operating as a "hospital." The Arkansas Supreme Court has stated, in Railey v. City of Magnolia, 197 Ark. 1047, 126 S.W.2d 273
(1939), in a separate context, that "[a] naked building would not be a hospital." Id. at 1051.
Of course the question of whether the building to which you refer, or any other building, is a "hospital" is to some degree a question of fact. In the issuance of official legal opinions, my office is not empowered as a factfinder. While a court might be persuaded that a building abandoned the length of time you mention has, as a matter of fact, lost its character as a "hospital," at some point factual distinctions must be drawn between "hospitals" vacant for varying periods of time, as the potential for subversion of the election requirement exists.
In sum, in my opinion a reasonable argument could be made, under the facts you describe, that the building in question has lost its character as a "hospital," and thus the election requirement of A.C.A. §14-16-105(g) does not apply. The law is not entirely clear, however, and a judicial finding on the point is the only way to ensure compliance with all applicable statutes.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It should be noted that this act, having no stated effective date nor emergency clause, is not yet effective. It will become effective after the expiration of ninety days following the adjournment of the General Assembly sine die.
[2] See also generally, A.C.A. § 14-16-105(a) to (f) (setting out requirements for the sale of county real property); A.C.A. § 14-16-107
(regarding the sale of certain county lands dedicated for the benefit of nonprofit corporations), and § 14-16-108 (regarding the sale or lease of a county hospital to a municipality).