Fay W. Boozman, M.D. Director, Arkansas Department of Health 4815 West Markham Street Little Rock, AR 72205-3867
Dear Dr. Boozman:
I am writing in response to your request for my opinion on several questions concerning the release of certain personnel information by the Arkansas Department of Health (ADH) to the Division of Legislative Audit (Leg. Audit). You state that Leg. Audit plans to review several areas of operation of ADH, and that it has presented ADH with a request for a "list of [employee] grievances filed during the past 2 fiscal years . . ." You state that you are asking the questions "[i]n light of the sensitive nature of these documents and the important privacy interest our employees have in their medical information and other records of performance." You ask:
 1. Assuming that these grievance records constitute evaluation/job performance records in which there has not been a suspension or termination, can these records be released?
 2. Assuming that these grievance records contain, among other things, sensitive medical information regarding possible disabilities of employees and subsequent concerns regarding reasonable accommodations, can these records be released in light of the fact the ADH is a covered entity for purposes of confidentiality?
 3. Given the above information, can these records be released without violating the privacy and confidentiality of employees?
 4. Furthermore, if it is determined that grievance records can be released, is the ADH required to give notice to affected employees pursuant to A.C.A. § 25-19-105 (c) (3) (A)?
RESPONSE
To initially clarify your questions, as I interpret your request, you are only inquiring whether ADH can release the records to Leg. Audit, in light of the concerns you have identified. You are not asking whether ADH can release the records to a third party.
With this understanding, it is my opinion that the answer to your first three questions is "yes." The answer to your fourth question is "no," in my opinion.
Question 1 — Assuming that these grievance records constituteevaluation/job performance records in which there has not been asuspension or termination, can these records be released?
This question presumably alludes to the fact that so-called "employee evaluation" and "job performance records" are exempt from inspection and copying under the Arkansas Freedom of Information Act ("FOIA") if there has been no suspension or termination decision. A.C.A. § 25-19-105 (c) (1) (Supp. 2003). See also generally Op. Att'y Gen. 2004-178 (discussing general test for the release of evaluation/job performance records under the FOIA). In my opinion, this provision of the FOIA does not prevent ADH's release of records that are otherwise available to Leg. Audit pursuant to A.C.A. § 10-4-106, which provides in relevant part:
 The Legislative Auditor shall have access at all times to all of the books, accounts, reports, confidential or otherwise, vouchers, or other records of information in any state office, department, board, bureau, or institution of this state.
A.C.A. § 10-4-106 (c) (1) (Repl. 2002) (emphasis added).
This provision clearly affords Leg. Audit access to records regardless of the records' confidential nature. It will be controlling as the specific statute on the subject. See generally Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994). The FOIA is a general statute that affords "any citizen of the State of Arkansas" the right to inspect and copy non-exempt public records. A.C.A. § 25-19-105 (a) (1) (Supp. 2003). In my opinion the FOIA is inapplicable with respect to ADH records that are available to Leg. Audit pursuant to A.C.A. § 10-4-106, supra.
Question 2 — Assuming that these grievance records contain, among otherthings, sensitive medical information regarding possible disabilities ofemployees and subsequent concerns regarding reasonable accommodations,can these records be released in light of the fact the ADH is a coveredentity for purposes of confidentiality?
It is my understanding that this question has reference to the fact that a "covered entity" under the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA") is subject to various and extensive requirements that safeguard "protected health information." The privacy regulations are codified at 45 C.F.R., Parts 160 and 164 (the "Privacy Rules"). These regulations are voluminous and I will not attempt to recite them. Instead, I believe it may be sufficient to note for purposes of your question that the definition of "protected health information" expressly excludes health information contained in "[e]mployment records held by a covered entity in its role as employer." 42 C.F.R. § 164.501. It would appear from your question that the "sensitive medical information" contained in the grievance records in this instance falls within this exception. Although the HIPAA regulations do not define "employment records," the Commentary to the revised HIPAA Privacy Regulation, found at 67 Fed. Reg. 15182, notes that "medical information needed for an employer to carry out its obligations under FLMA, ADA, and other similar laws, as well as files or records related to occupational injury, disability insurance eligibility, sick leave requests and justifications, drug screening results, workplace medical surveillance, and fitness-for-duty tests of employees, may be part of the employment records maintained by the covered entity in its role as employer." Id. at 15192.
It thus appears that the answer to this question regarding employee grievance records is "yes," the records can be released to Leg. Audit regardless of ADH's status as a covered entity under HIPAA, because the HIPAA privacy regulations do not apply to employment records.
Question 3 — Given the above information, can these records be releasedwithout violating the privacy and confidentiality of employees?
The answer to this question is "yes," in my opinion, because pursuant to A.C.A. § 10-4-115, records that would not be open to public inspection under the FOIA remain closed after Leg. Audit completes its audit report. This Code section provides in relevant part as follows:
 (c)(1) All working papers, including notes, memoranda, preliminary drafts of audit reports, and other data gathered in the preparation of audit reports by the division are exempt from all provisions of the Freedom of Information Act of 1967, § 25-19-101 et seq., and are not to be considered public documents for purposes of inspection or copying under the Freedom of Information Act of 1967 or any other law of the State of Arkansas, except as provided in this subsection.
 (2) After any audit report has been presented to the Legislative Joint Auditing Committee members, that audit report and copies of any documents contained in the working papers of the division shall be open to public inspection, except documents specifically exempted from disclosure under the Freedom of Information Act of 1967 and except documents which disclose auditing procedures and techniques as defined in subdivision (c) (3) of this section.
A.C.A. § 10-4-115 (c) (1) and (2) (Rep. 2002) (emphasis added).
You have asked me to assume that the records in question are employee evaluation/job performance records and that the employees have not been suspended or terminated. As I noted in response to your first question, such records are exempt from copying and inspection under the FOIA. See
A.C.A. § 25-19-105 (c) (1), and generally Op. Att'y Gen. 2004-178. Accordingly, A.C.A. § 10-4-115 (c), supra, requires that such documents will not be made public after the audit report is presented to the Legislative Joint Auditing Committee.
Question 4 — Furthermore, if it is determined that grievance records canbe released, is the ADH required to give notice to affected employeespursuant to A.C.A. § 25-19-105 (c) (3) (A)?
It is my opinion that the answer to this question is "no" because A.C.A. § 25-19-105 (c) (3) (A) applies to "request[s] for the examination or copying of personnel or evaluation records" under the FOIA. Id. Simply put, this provision does not apply when Leg. Audit accesses records pursuant to A.C.A. § 10-4-106 (c) (1), supra. Consequently, the FOIA's notice provisions are also inapplicable.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh