The Honorable Russell Bennett State Representative 95 Lafayette 44 Lewisville, AR 71845-8840
Dear Representative Bennett:
I am writing in response to your request for my opinion on a matter concerning the "Arkansas Real Property Reappraisal Fund" (A.C.A. §§19-5-1096 and 26-26-1907 (Supp. 2003)). Your question, restated, is as follows:
 Can a County Treasurer, pursuant to A.C.A. § 21-6-302, collect a commission fee from the Real Property Reappraisal Fund in light of A.C.A. § 19-5-1207, which provides `[t]here shall be no deduction from the proceeds of the fund to pay any fees or expenses except as provided in the act creating the fund[?]'
RESPONSE
It is my opinion that the answer to this question is "no." The county treasurer's commission under A.C.A. § 21-6-302 does not apply, in my opinion, to proceeds from the Real Property Reappraisal Fund. This conclusion follows from a reading of A.C.A. § 19-5-1207 together with the legislation governing state-funded real property reappraisals, applying well-established rules of statutory construction.
The 2% commission that is established under A.C.A. § 21-6-302, applies generally to "all funds coming into [the county treasurers'] hands as treasurers and to be paid out of the respective funds." Id. at (a).[1]
The commission is to be used "to offset administrative costs." Id. at (c).
The statute you have cited, A.C.A. § 19-5-1207 (Supp. 2003), addresses the uses of the Arkansas Real Property Reappraisal Fund ("Fund"). It provides in full as follows:
 The proceeds of the Arkansas Real Property Reappraisal Fund shall be used exclusively to pay counties and professional reappraisal companies for the reappraisal of real property as provided in the act creating the fund. There shall be no deduction from the proceeds of the fund to pay any other fees or expenses except as provided in the act creating the fund.[2]
In my opinion, the general rules of statutory construction require that this latter statute, which specifically addresses the payment of fees and expenses from the Arkansas Real Property Reappraisal Fund ("Fund"), be given effect rather than the general pronouncement in A.C.A. § 21-6-302
regarding the county treasurer's commission. See generally Donoho v.Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994); Brown Root, Inc. v.Hemstead County Sand Gravel, Inc. 767 F.2d 464 (8th Cir. 1985) (where a special statute governs a particular subject, it shall apply instead of a general law). Read as a whole, and with reference to the act creating the uniform system of real property appraisal (A.C.A. § 26-26-1901 etseq.), § 19-5-1207 expresses the General Assembly's intent to ensure that all funds expended by the state for reappraisal services under the uniform system are used exclusively for those services.
As reflected in A.C.A. § 26-26-1904, it is the state's objective to pay the costs and expenses of reappraisals, as determined and monitored by the Assessment
Coordination Department ("ACD"). Section 26-26-1904 states in relevant part:
The objectives of this subchapter are as follows:
 (1) To establish and promote a uniform system of real property assessments within each county of the state and among the counties;
* * *
 (5) To pay the costs and expenses of reappraisals as determined by the department to be necessary, prudent, and reasonable in the implementation of this subchapter; and
 (6) To ensure that all funds expended by the state for reappraisal services are monitored by the department and only that progress and performance of those services as measured by the department to be within the guidelines established by the department are to be compensated by the state. . . .
The Arkansas Real Property Reappraisal Fund ("Fund") is established for this purpose. See A.C.A. §§ 26-26-1907 and 19-5-1096. The Fund is to be used "to pay counties and professional reappraisal companies for the reappraisal . . . in lieu of real property reappraisal funding by the local taxing units. . . ." Id. at (a)(2). Compare A.C.A. § 14-15-203
(regarding funding by taxing units). Depending upon the particular "reappraisal management plan" for the county, the reappraisal services will be provided either through the county assessor's office or by a professional reappraisal company under contract with the county or the ACD. See A.C.A. § 26-26-1905. The services are funded through a funds transfer, pursuant to an appropriation to the ACD. See Acts 2003 (1st
Ex. Sess.), No. 26, § 6 (appropriating $14,250,000 for 2003-2004, and the same amount for 2004-2005, "for paying counties and professional reappraisal companies for the cost of reappraisal of real property for the biennial period ending June 30, 2005. . . .") Under the appropriation act, the amounts necessary for real property reappraisal are certified monthly by ACD to the Chief Fiscal Officer of the State, who then transfers funds, as specified, to the Real Property Reappraisal Fund.[3]Id. at § 7. ACD then distributes the fund proceeds, also on a monthly basis, pursuant to A.C.A. § 26-26-1907(c) (see also A.C.A. §19-5-1096(c)), which provides:
 The fund proceeds shall be distributed monthly, except when there is a determination by the Assessment Coordination Department that proper reappraisal procedures established by the department are not being followed.
When A.C.A. § 19-5-1207, supra, is considered in the context of this legislation establishing a state-funded uniform system of reappraisal, it is evident that the former statute's proscription against any "deduction from the proceeds of the fund" refers to deductions that might otherwise be made by those who receive the "fund proceeds" (§ 26-26-1907, supra) that are distributed by ACD. It is of course well established that all statutes addressing the same subject are to be construed together. SeeDoe v. Baum, 348 Ark. 259, 72 S.W.3d 476 (2002). When so viewed, §19-5-1207's specific proscription against using the Real Property Reappraisal Fund proceeds for "any other fees or expenses" must, in my opinion, be construed to encompass the county treasurer's commission that would otherwise be collected pursuant to A.C.A. § 21-6-302.
Accordingly, it is my conclusion that the county treasurer cannot, consistent with A.C.A. § 19-5-1205, collect a commission on proceeds of the Arkansas Real Property Reappraisal Fund.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The statute notes several specific exceptions to the 2% commission. Id. at (a) (referencing A.C.A. §§ 6-13-701, 6-17-908 and6-20-221 (involving school funds); A.C.A. § 14-90-213 (municipal improvement district funds); and A.C.A. § 21-6-104 (fees in absence of fixed fee).
[2] The Fund was created under Act 1185 of 1999, section 6, which is codified at both A.C.A. §§ 19-5-1096 (Supp. 2003) (miscellaneous funds under Revenue Stabilization) and § 26-26-1907 (Supp. 2003) (part of the law establishing reappraisal requirements that are funded by the Real Property Reappraisal Fund). The codifier's notes to A.C.A. § 19-5-1207
state that this Code section (enacted separately under Act 1444 of 1999) should be merged with A.C.A. § 19-5-1096, which as I have noted is also codified as A.C.A. § 26-26-1907.
[3] Upon receipt of the certification from ACD, the Chief Fiscal Officer "shall transfer on his books and those of the State Treasurer 76% of the amounts certified from the Department of Education Public School Fund Account, 16% of the amount certified from the County Aid Fund and 8% of the amount certified from the Municipal Aid Fund to the Arkansas Real Property Reappraisal Fund." Id.