The Honorable Chris Thyer State Representative 326 South Church Street Jonesboro, AR 72401-2912
Dear Representative Thyer:
I am writing in response to your request for my opinion on the following questions:
Under A.C.A. § 11-9-406, must the Workers' Compensation Commission make an initial finding that the employer failed to secure compensation? If yes, then what type of proceeding is required, i.e., administrative, civil, criminal?
Is the statute ambiguous as to when the felonious aspect of the same should apply? If yes, does the ambiguity make the felonious aspect of the statute constitutionally suspect, or for that matter, unconstitutional?
RESPONSE
In my opinion, the answer to the first part of your first question is "yes": in order for liability to attach under A.C.A. § 11-9-406 for failure to provide coverage, the commission must necessarily determine that "the employer failed to secure compensation." With respect to the second part of your question, depending upon the facts, I believe the ensuing proceedings could be administrative, civil or criminal. However, I believe that any criminal proceeding would be subject to the provisions of A.C.A. § 11-9-106, which, inter alia, conditions criminal liability upon establishing that any violation of the Workers' Compensation Law was willful and knowing. With respect to the first part of your second question, I believe A.C.A. § 11-9-406(a), if read in isolation, is indeed ambiguous in two respects: (1) it mentions the possibility of felony liability for failure to provide coverage without reciting the mental-state requirements that must support such liability; and (2) it uses the disjunctive "or" in reciting the avenues of civil and criminal relief, thus misleadingly suggesting that the authorities cannot pursue both varieties of relief. Although I believe it its possible to resolve these ambiguities by applying standard principles of statutory construction, legislative clarification is warranted. Finally, given my conclusion that the reference to felony liability in A.C.A. § 11-9-406(a) is qualified by the specific provisions regarding such liability set forth in A.C.A. § 11-9-106, I do not believe A.C.A. §11-9-406(a) is vulnerable to constitutional attack.
Question 1: Under A.C.A. § 11-9-406, must the Workers' Compensation Commission make an initial finding that the employer failed to secure compensation? If yes, then what type of proceeding is required, i.e., administrative, civil, criminal?
Subsection 11-9-406(a)(1) of the Arkansas Code (Repl. 2002), which is contained within the Workers' Compensation Law, A.C.A. §§ 11-9-101
through-1001 (Repl. 2002 Supp. 2005), provides:
Any employer required to secure the payment of compensation under this chapter who fails to secure compensation shall be subject to a fine of up to ten thousand dollars ($10,000) as determined by the Workers' Compensation Commission payable to the Death and Permanent Total Disability Trust Fund or be guilty of a Class D felony.
This statute should be read in conjunction with A.C.A. § 11-9-106
(Repl. 2002), which provides in pertinent part:
(a)(1)(A) Any person or entity who willfully and knowingly makes any material false statement or representation, who willfully and knowingly omits or conceals any material information, or who willfully and knowingly employs any device, scheme, or artifice for the purpose of:
* * *
(iii) Obtaining or avoiding workers' compensation coverage or avoiding payment of the proper insurance premium, or who aids and abets for any of said purposes, under this chapter shall be guilty of a Class D felony.
* * *
(c) Where the Workers' Compensation Commission or the Insurance Commissioner finds that false statements or representations were made willfully and knowingly, that material information was willfully and knowingly omitted or concealed, or that any device, scheme, or artifice was willfully and knowingly employed for the purpose of:
* * *
(3) Obtaining or avoiding workers' compensation coverage or avoiding payment of the proper insurance premium under this chapter or that any other criminal violations related thereto were committed, the chairman of the Workers' Compensation Commission or the Insurance Commissioner shall refer the matter for appropriate action to the prosecuting attorney having criminal jurisdiction in the matter.
(d)(1)(A) There shall be established within the State Insurance Department a Workers' Compensation Fraud Investigation Unit, funded by the commission, which will be headed and supervised by a director who may also serve as the director of any other designated insurance fraud investigation division within the department, in which event the director's compensation shall be paid solely from the funds of such insurance fraud investigation division.
(B)(i) The unit herein designated will investigate workers' compensation fraud, additional criminal violations that may be related thereto, and any other insurance fraud matters as may be assigned at the discretion of the director.
* * *
(2) The Insurance Commissioner and his or her deputies and assistants and the fraud director and his or her deputies and assistants shall be vested with the power of enforcing this section and rendering more effective the disclosure and apprehension of persons or entities who abuse the workers' compensation system as established by the General Assembly by making false or misleading statements for the purpose of either obtaining, wrongfully increasing, wrongfully decreasing or defeating the payment of benefits, obtaining or avoiding workers' compensation coverage, or avoiding payment of the proper insurance premium.
(3) It shall be the duty of the unit to assist the Insurance Commissioner and the department in the performance of their duties, and, further, to determine the identity of carriers, employers, or employees who within the State of Arkansas have violated subsection (a) of this section and report the violation to the Workers' Compensation Commission and to the Insurance Commissioner, who shall, in turn, be responsible for reporting the violation to the prosecuting attorney having criminal jurisdiction in the matter.
* * *
(e)(1) For the purpose of imposing criminal sanctions or a fine for violation of the duties of this chapter, the prosecuting attorney shall have the right and discretion to proceed against any person or organization responsible for such violations, both organizational and individual liability being intended by this chapter.
* * *
(h) Nothing in this section shall be deemed to create a civil cause of action.
Specifically with respect to your question, I believe it is clear under these statutes that an employer's liability, be it criminal or civil, must indeed be predicated upon an initial finding by the commission that the employer has failed to secure workers' compensation coverage. With respect to the second part of your question — namely, what type of proceeding, administrative, civil or criminal, would ensue based upon such a determination — I can offer no more than a conclusion that the answer would depend upon the facts.
To elaborate, although A.C.A. § 11-9-406 acknowledges the possibility of criminal prosecution, the statute focuses on the procedure for imposing a civil fine for noncompliance, cross-referencing as applicable the detailed administrative proceeding set forth at A.C.A. §§ 11-9-704
through-711 (Repl. 2002 Supp. 2005), A.C.A. § 11-9-406(b)(4), which might culminate in a civil appeal to the Pulaski County Circuit Court, A.C.A. § 11-9-404(d) (Supp. 22005). Subsection 11-9-406(b)(6) further provides that if an employer fails to comply with a final administrative order, the commission may petition the Pulaski County Circuit Court or the circuit court of the county where the employer's principal place of business is located for an order enjoining the employer from conducting further business. A proceeding under this statute may consequently involve both administrative and civil legal action.
As noted above, A.C.A. § 11-9-106 is a purely criminal statute, whose application will be triggered by the commission's initial determination that a willful and knowing violation of the coverage requirement has occurred, whereupon the commission must refer the matter to the prosecuting attorney. A.C.A. § 11-9-106(c)(3). My inquiries suggest that the commission normally makes such a criminal referral only if an employer flatly refuses to obtain coverage, thereby presumably demonstrating the willful and knowing evasion of the statutory requirement to obtain coverage. The prosecutor ultimately has discretion whether to pursue any criminal action "against any person or organization responsible for such violations, both organizational and individual liability being intended by this chapter." A.C.A. §11-9-106(e)(1).
Implicit in your questions is what I consider an understandable confusion regarding whether a remedy for a violation of the Workers' Compensation Law must be pursued through either civil or criminal channels. I believe that any such confusion might arise from the language in A.C.A. § 11-9-406(a) dictating that a non-complying employer might be subject to a fine "or be guilty of a Class D felony." (Emphasis added.) In my opinion, any suggestion in the highlighted disjunctive that the authorities must choose either a civil or a criminal remedy is misguided. As amended by Acts 1993, No. 796, § 11, A.C.A. § 11-9-406(a) concludes with the following sentence, which for some reason was not codified: "This subsection shall not affect any liability of the employer under this act." This concluding statement remains the law, meaning that the criminal remedies set forth in A.C.A. § 11-9-106, which was also amended pursuant to Act 796 of 1993, remain available irrespective of whether the commission has pursued the civil remedies set forth in A.C.A. § 11-9-406.[1] As a matter of practice, the commission reportedly pursues its civil remedies irrespective of whether it refers an employer for criminal prosecution in the event of egregious and/or multiple violations.
Question 2: Is the statute ambiguous as to when the felonious aspect of the same should apply? If yes, does the ambiguity make the felonious aspect of the statute constitutionally suspect, or for that matter, unconstitutional?
With respect to the first part of this question, read in isolation, A.C.A. § 11-9-406 indeed appears ambiguous in that it fails to address what mental state, if any, is required to render a noncompliant employer subject to felony liability. However, in my opinion, this statute must be read in conjunction with A.C.A. § 11-9-106, which was likewise amended pursuant to Act 769 of 1993. As noted above, A.C.A. § 11-9-106
expressly conditions felony liability upon the employer's having willfully and knowingly failed to comply with the law with the purpose of evading coverage requirements. As a general proposition, legislative enactments that are alleged to be in conflict must be reconciled, read together in a harmonious manner, and each given effect, if possible. Gritts v. State, 315 Ark. 1, 864 S.W.2d 859 (1993); City of Fort Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993). Repeal by implication is not favored and is "never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together." Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290
(1994). This is especially so in the case of acts passed during the same session of the General Assembly. Uilkie v. State, 309 Ark. 48,827 S.W.2d 131(1992); Love v. Hill, 297 Ark. 96, 759 S.W.2d 550 (1988). Moreover, a general statute normally does not apply where there is a specific statute governing a particular subject matter. Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994).
In the present case, both A.C.A. §§ 11-9-106 and-406 were amended pursuant to Act 769 of 1993, and their provisions must be reconciled if at all possible. Applying this mandate, I believe A.C.A. § 11-9-406(a) should be read as doing no more than acknowledging the possibility of a felony prosecution if the mental state requirement set forth in A.C.A. § 11-9-106(a) has been met.
The remaining ambiguity arises from the legislature's use of the disjunctive "or" in A.C.A. § 11-9-406(a). For reasons discussed in my response to your first question, I believe this conjunction should be read narrowly as doing no more than acknowledging that under appropriate circumstances a criminal prosecution might be warranted. Nevertheless, legislative clarification on this point is warranted.
Finally, in light of the foregoing analysis, I do not believe A.C.A. § 11-9-406(a) would be subject to constitutional attack. In my opinion, a reviewing court would read this statute as subject to the more specific provisions of A.C.A. § 11-9-106, which sets forth in detail the elements a prosecutor must prove in order to establish that a Class D felony has occurred. In my opinion, the quantum of proof required under A.C.A. § 11-9-106 — and, by extension, under A.C.A. § 11-9-406 — is sufficiently high to withstand any constitutional attack.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The abiding effect of the substantive provisions ofAct 769 of 1993 is reflected in Acts 2001, No. 1757, § 9, which provided in pertinent part: "Nothing in the act, which originated as House Bill 2646 of 2001, nor in Act 1552 of 1999 shall impliedly repeal any part ofAct 796 of 1993. Act 796 of 1993 is expressly reaffirmed by this act, which originated as House Bill 2646 of 2001." *Page 1