The Honorable David Johnson State Representative 1704 North Harrison Street Little Rock, AR 72207-5324
Dear Representative Johnson:
I am writing in response to your request for my opinion on the following question:
 Must a defendant charged with a qualifying offense as defined by A.C.A. 12-12-1103, but sentenced under the provisions of Act 346 of 1975, as codified at A.C.A. 16-93-301 et seq., provide a DNA sample as required by A.C.A. 12-12-1109?
RESPONSE
In my opinion, the answer to your question is, in all likelihood, "yes," although the law would benefit by judicial or legislative clarification. Act 346 of 1975 (the First Offender Act), which is codified at A.C.A. §§ 16-93-201 through-303 (Repl. 2006 Supp. 2007), is unambiguous in declaring that a first offender who pleads guilty or nolo contendere to an offense and then successfully completes his probation will thereby avoid any "adjudication of guilt" and, subject to certain specified qualifications, will be deemed never to have committed the offense. There would appear to be some tension between the provisions of this act and those set forth in the State Convicted Offender DNA Data Base Act, A.C.A. §§ 12-12-1101 through-1120 (Repl. 2003 Supp. 2007), which, for purposes of determining who will be subject to DNA sampling, includes pleas of guilty and nolo contendere within the category of an "adjudication of guilt" and defines such an adjudication as triggering the requirement of DNA sampling. See 12-12-1103 (Repl. 2003). It would appear, then, that an individual who has avoided an "adjudication of guilt" under the First Offender Act might nevertheless be deemed *Page 2 
to have been subject to an "adjudication of guilt" for purposes of triggering a requirement of DNA sampling under the DNA Data Base Act. The interplay of these two acts would benefit from legislative clarification on this score.
Subsection 12-12-1103(9) of the Arkansas Code (Supp. 2007), which is contained in the State Convicted Offender DNA Data Base Act, A.C.A. §§ 12-12-1101 through-1120 (Repl. 2003 Supp. 2007), defines the term "qualifying offense" as follows:
 "Qualifying offense" means any felony offense as defined in the Arkansas Criminal Code or a sexual offense classified as a misdemeanor as defined by the Arkansas Criminal Code or a repeat offense as defined in this section[.]
A "qualifying offense" requiring DNA sampling under the DNA Data Base Act thus comprises a felony, a sexual misdemeanor (as distinct from other varieties of misdemeanor) or a repeat offense.[1]
Section 12-12-1109 provides in pertinent part:
 (a) A person who is adjudicated guilty for a qualifying offense on or after August 1, 1997, shall have a deoxyribonucleic acid (DNA) sample drawn as follows:
 * * * (b) A person who has been adjudicated guilty for a qualifying offense before August 1, 1997, and who is still serving a term of confinement in connection therewith on August 1, 1997, shall not be released in any manner prior to the expiration of his or her maximum term of confinement unless and until a deoxyribonucleic acid (DNA) sample has been drawn. *Page 3 
 (e)(1) The requirements of this subchapter are mandatory and apply regardless of whether or not a court advises a person that a deoxyribonucleic acid (DNA) sample must be provided to the State DNA Data Base and State DNA Data Bank as a condition of probation or parole.
(Emphases added.)
Finally, A.C.A. § 12-12-1103(1) defines the term "adjudication ofguilt" as denoting "a plea of guilty, a plea of nolo contendere, a negotiated plea, a finding of guilt by a judge, or a finding of guilt by a jury"[.] (Emphases added.)
Sections 16-93-301 through-303 (Repl. 2006 Supp. 2007), which were enacted pursuant to Acts 1975, No. 346, comprise what is known as the First Offender Act and provide for the probation of qualifying first offenders and the possible eventual expungement of their criminal records.[2]
Section 16-93-301 (Repl. 2006) provides as follows:
 As used in §§ 16-93-301 — 16-93-303 the procedure, effect, and definition of "expungement" shall be in accordance with that established in § 16-90-901 et seq.
Subsection 16-90-901(a)(1) (Repl. 2006) defines the term "expunge" as follows:
 As used in §§ 5-64-407, 5-4-311, 16-90-601, 16-90-602, 16-90-605, 16-93-301 — 16-93-303, and 16-93-1207, "expunge" shall mean that the record or records in question shall be sealed, sequestered, and treated as confidential in accordance with the procedures established by this subchapter. *Page 4 
With respect to the effect of an expungement, A.C.A. § 16-90-902
(Repl. 2006) provides:
 (a) An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored and shall be completely exonerated, and the record which has been expunged shall not affect any of his or her civil rights or liberties unless otherwise specifically provided by law.
 (b) Upon the entry uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.
Section 16-93-303 (Supp. 2007) provides in pertinent part:
 (a)(1)(A)(i) Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit or district court, in the case of a defendant who has not been previously convicted of a felony, without making a finding of guilt or entering a judgment of guilt and with the consent of the defendant may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court.
 * * * (2) Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided.
 * * * (b) Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order that shall effectively dismiss the case, discharge the defendant, and expunge *Page 5 
the record, if consistent with the procedures established in § 16-90-901 et seq.
 (c) During the period of probation described in subdivision (a)(1)(A)(i) of this section, a defendant is considered as not having a felony conviction except for:
 (1) Application of any law prohibiting possession of a firearm by certain persons;
 (2) A determination of habitual offender status;
 (3) A determination of criminal history;
 (4) A determination of criminal history scores;
 (5) Sentencing; and
 (6) A purpose of impeachment as a witness under Rule 609 of the Arkansas Rules of Evidence.
 (d) After successful completion of probation placed on the defendant under this section, a defendant is considered as not having a felony conviction except for:
 (1) A determination of habitual offender status;
 (2) A determination of criminal history;
 (3) A determination of criminal history scores;
 (4) Sentencing; and
 (5) A purpose of impeachment as a witness under Rule 609 of the Arkansas Rules of Evidence.
(Emphases added.) *Page 6 
As reflected in the above highlighted passages from the State Convicted Offender DNA Data Base Act, the requirement that a "qualifying individual" submit to DNA testing applies when that individual has been "adjudicated guilty for a qualifying offense." See A.C.A. §§12-12-1109(a) and-1109(b). As reflected in the highlighted passages from the First Offender Act, a qualifying individual who enters a plea of guilty or nolo contendere to an offense will be placed on probation subject to a deferral of — and, if the probation is successfully completed, an absolute relief from — sentencing. As reflected in A.C.A. §§ 16-93-303(a)(1)(A)(i) and-303(b), the plea itself occurs "prior to an adjudication of guilt," and an individual who successfully completes the term and conditions of probation will be "discharged without court adjudication of guilt." Notwithstanding your use of the term "sentenced" with respect to an individual placed on probation under the First Offender Act, with certain exceptions set forth in the Act, there will never be an imposition of a "sentence" under the Act in the sense of an "adjudication of guilt" if the defendant successfully completes his probation.
Nevertheless, in and of itself, this conclusion does not mean that a defendant under the First Offender Act will not be subject to the requirements of the DNA Data Base Act. The latter Act itself defines the term "adjudication of guilt" as meaning "a plea of guilty, a plea of nolo contendere, a negotiated plea, a finding of guilt by a judge, or a finding of guilt by a jury[.]" A.C.A. § 12-12-1103(1). Notwithstanding the fact that A.C.A. §§ 16-93-303(a)(1)(A)(i) and-303(b), which are sections of the First Offender Act, identify a plea of guilty or nolo contendere entered under that Act as occurring "prior to an adjudication of guilt," no such assumption appears to apply under the DNA Data Base Act, which expressly defines a plea standing alone as constituting an "adjudication of guilt." For purposes of DNA testing, then, it would appear that the plea of an individual who has committed a "qualifying offense" in itself triggers an obligation of compliance under the Act,[3] even though a successful completion of probation will, under certain specified circumstances, empower an offender to proceed in all other respects as thought the offense had never been committed.Cf. Davis v. State, 94 Ark. App. 240, 228 S.W.2d 529 (2006) (defendant was not illegally sentenced by being subjected to DNA sampling despite his claim that he was not "sentenced" in light of suspended imposition of his sentence). *Page 7 
In addressing the relationship between these two acts, I am guided by certain principles of statutory construction. As a general proposition, legislative enactments that are alleged to be in conflict must be reconciled, read together in a harmonious manner, and each given effect, if possible. Gritts v. State, 315 Ark. 1, 864 S.W.2d 859 (1993);City of Fort Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993). Repeal by implication is not favored and is "never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together." Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994). Ordinarily, the provisions of an act adopted later in time repeal the conflicting provisions of an earlier act. Daniels v.City of Fort Smith, 268 Ark. 157, 594 S.W.2d 238 (1980). Moreover, a general statute normally does not apply where there is a specific statute governing a particular subject matter. Donoho v. Donoho,318 Ark. 637, 887 S.W.2d 290 (1994).
Assuming, then, that a conflict exists between the two acts, it would appear that the DNA Data Base Act, unlike the First Offender Act, is highly specific with respect to who must subject himself to DNA sampling. Having offered this conclusion, I must note, however, that A.C.A. §§ 16-93-303(c) and (d) fail to include in their list of exceptions to the rule of expungement any suggestion that a successful probationer under the First Offender Act might be subject to DNA sampling. Nevertheless, it is my opinion that an individual prosecuted under the First Offender Act, with the exception of one prosecuted for a first-time, non-sexual misdemeanor, see note 3 supra, is subject to DNA sampling under the DNA Data Base Act. Given the noted ambiguity, however, legislative clarification is certainly warranted.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Subsection 12-12-103(9) defines a "repeat offense" as meaning "a second or subsequent adjudication of guilt in a separate criminal action for the commission of any misdemeanor or felony offense involving violence as set forth in Arkansas law, the law of another state, federal law, or military law."
[2] With respect to what might constitute a disqualification for first offenders, A.C.A. §§ 16-93-303(a)(1)(B) and 16-90-901(a)(3) disqualify from first-offender status with the effect of expunging the records individuals who have pleaded guilty or nolo contendere to sexual offenses against victims under the age of eighteen.
[3] "Qualifying offense" means any felony offense as defined in the Arkansas Criminal Code, or a sexual offense classified as a misdemeanor as defined by the Arkansas Criminal Code, or a repeat offense as defined in this section . . ." A.C.A. § 12-12-1103(a) (Supp. 2007).