The Honorable Ken Casady Prosecuting Attorney Twenty-Second Judicial District 102 South Main Street Benton, Arkansas 72015
Dear Mr. Casady:
I am writing in response to your request for my opinion on the following questions:
 1. May a sheriff or detention officer issue a citation or summons (pursuant to Arkansas Rule of Criminal Procedure 5.2) to a person arrested pursuant to a warrant, who would otherwise be held until taken before a judicial officer, upon voluntary payment of a warrant fee as authorized by A.C.A. § 21-6-307? [Emphasis in original.]
 2. If your answer is in the affirmative, would this practice conflict with Attorney General Opinion No. 2001-226, or any other opinion previously issued by your office relating to the collection of warrant fees (Ops. Att'y Gen. Nos. 97-300, 89-241, 89-208)?
By way of background, you relate the following:
 Law enforcement officers within Saline County currently allow defendants that voluntarily post a bond and warrant fee to be released from the jail prior to their first appearance before a judge or magistrate. There appears to be an ambiguity between prior opinions that state a warrant fee should be collected after a judgment is entered and Opinion No. 2001-226 that references Arkansas Rule of Criminal Procedure 9.2. *Page 2 
RESPONSE
With respect to your first question, assuming, as you posit, that a custodial arrest has in fact occurred pursuant to a warrant, then in my opinion the ranking officer at the place of detention might either issue a citation and release a misdemeanant defendant pursuant to Ark. R. Crim. Proc. 5.2(b) or, with a prosecuting attorney's permission, he might issue a citation and release a felony defendant pursuant to Ark. R. Crim. Proc. 5.2(c). I do not believe Ark. R. Crim. Proc. 5.2(a) potentially applies, since that Rule deals exclusively with warrantless arrests. Although you have not directly mentioned the possible effect of Ark. R. Crim. Proc. 9.2(d), you have referenced this Rule in your recitation of background facts. In my opinion, so long as a defendant is facing only misdemeanor charges, a judicial officer is authorized pursuant to this Rule to allow a defendant to post a specified sum of money to be forfeited in lieu of appearing in court. I do not believe, however, that a sheriff or detention officer is authorized to follow this course without express judicial authorization. Moreover, I do not believe a sheriff or detention officer is authorized to issue a summons under any circumstances. Rule 5.1(b) of the Rules of Criminal Procedure expressly identifies a summons as "an order issued by a judicial officeror, pursuant to the authorization of a judicial officer, by the clerk ofa court" demanding a criminal defendant's presence in court. (Emphasis added.) With respect to your second question, for reasons discussed in detail in Op. Att'y Gen. No. 2001-226, I do not believe any conflict exists among previous Attorney General opinions regarding the collection of fees and fines from criminal defendants.
Question 1: May a sheriff or detention officer issue a citation orsummons (pursuant to Arkansas Rule of Criminal Procedure 5.2) to aperson arrested pursuant to a warrant, who would otherwise be held untiltaken before a judicial officer, upon voluntary payment of a warrant feeas authorized by A.C.A. § 21-6-307?
As noted above, I believe under the limited circumstances specified below, a sheriff or detention officer might cite and release an arrestee upon his voluntary payment of a fine or warrant fee. For reasons further discussed below, I do not believe a sheriff or detention officer may ever issue a summons. *Page 3 
Subsection 21-6-307(a)(14) of the Arkansas Code (Repl. 2004) authorizes a sheriff to charge a $50 fee "[f]or serving warrant or order of arrest from any court." Rule 5.2 of the Arkansas Rules of Criminal Procedure provides in pertinent part:
 (a) A law enforcement officer in the field acting without a warrant who has reasonable cause to believe that a person has committed any misdemeanor may issue a citation in lieu of arrest or continued custody.
 (b) When a person is arrested for any misdemeanor, the ranking officer on duty at the place of detention to which the arrested person is taken may issue a citation in lieu of continued custody.
 (c) Upon the recommendation of a prosecuting attorney, the ranking officer on duty at the place of detention to which the arrested person is taken may issue a citation in lieu of continued custody when the person has been arrested for a felony.
(Emphasis added.)
Subsection (a) of this Rule authorizes a law enforcement officer to issue a citation in lieu of arrest if the officer is acting without a warrant and reasonably suspects an individual of having committed a misdemeanor. These conditions would not appear to apply under the circumstances set forth in your question, given that you expressly posit that the defendant has been "arrested pursuant to a warrant." Subsection (b), without mentioning whether an arrest was made with or without a warrant, authorizes the ranking officer at a detention facility to release a suspected misdemeanant upon the issuance of a citation in lieu of continued custody. Subsection (c) authorizes the ranking officer at a detention facility, upon the recommendation of a prosecuting attorney, to issue a citation in lieu of continued custody to an individual arrested for a felony. All three of these subdivisions appear to contemplate a defendant's release only pending an eventual court appearance.
Rule 9.2 of the Arkansas Rules of Criminal Procedure authorizes a judicial officer to set bail in order to ensure a defendant's appearance in court. Subsection 9.2(d) further provides: *Page 4 
 Nothing in this rule shall be construed to prohibit a judicial officer from permitting a defendant charged with an offense other than a felony from posting a specified sum of money which may be forfeited or applied to a fine and costs in lieu of any court appearance.
(Emphasis added.) This subsection of the Rules expressly provides that a judicial officer may allow a misdemeanant defendant in effect to pay a fine prior to the scheduled trial date and then to forfeit the payment to defray the fine and costs in lieu of appearing in court.
In Op. Att'y Gen. No. 2001-226, which you reference in your request, my immediate predecessor opined that while a misdemeanant defendant could not be required to pay a warrant fee and/or a fine prior to judgment, the defendant might be permitted to do so in lieu of appearing in court. (I gather that this distinction is what prompted you to stress the term "voluntarily" in your request — i.e., that you are concerned to know if a defendant arrested pursuant to a warrant might be allowed to make a voluntary payment in lieu of continued detention and/or appearing in court.) As my predecessor observed:
 In using the word "permitting," Rule 9.2 clearly contemplates a situation in which the defendant prefers to post the specified amount rather than appear in court. The rule does not authorize a requirement that the money be posted. Indeed, this office has consistently opined that the warrant fees that are authorized by A.C.A. § 14-52-202(b)(3) cannot be collected at the time of service, but rather, can only be collected after the court has entered a judgment, with costs, against the Defendant. See, e.g., Ops. Att'y Gen. Nos. 97-300; 89-241; 89-208. These opinions contemplated situations in which the fee was to be collected against the defendant's will and prior to a judgment with which the defendant disagreed having been rendered against him. Rule 9.2(d) allows for situations in which a defendant opts not to contest the charges against him and agrees to pay the fine and costs without contesting them. The rule allows that in such instances, a judicial officer can authorize the posting of the specified amount prior to the official entry of a judgment. Rule 9.2 does not, however, authorize the *Page 5 
imposition of a requirement that the defendant post the specified amount.
Accord Ops. Att'y Gen. Nos. 2004-051; 2002-211; 2000-303. My predecessor further pointed out the considerable due process concerns that might arise if a defendant were required against his will to pay a fine prior to the entry of judgment.
My predecessor added that the rule barring the mandatory payment of warrant fees and costs prior to judgment appeared to follow from the provisions of A.C.A. § 16-90-113 (Repl. 2006), which provides in pertinent part:
 (a) In judgments against the defendant, a judgment for costs shall be rendered in addition to the other punishment. This judgment shall be taxed by the clerk and shall be for the benefit of the officers rendering the service.
The analysis in Opinion No. 2001-226 is in effect based upon a conclusion that the authorization set forth in Rule 9.2 for voluntary prepayment of fines and costs in lieu of appearing in court amounts to an exception to the rule set forth in A.C.A. § 16-90-113 declaring that a judgment for costs must be incorporated into the final judgment against a defendant. For reasons discussed immediately below, I agree with this conclusion.
As an initial matter, I must point out that Rule 9.2 marks an exercise by the Arkansas Supreme Court of its exclusive authority over judicial procedure. As I noted in Op. Att'y Gen. No. 2007-240:
 The Rules of Criminal Procedure were enacted "pursuant to Act 470 of 1971, and in harmony with the Court's constitutional superintending control over all trial courts[.]" In the Matter of Rules of Criminal Procedure, 259 Ark. 863, 530 S.W.2d 672 (1975) (per curiam). Since the original promulgation of The Rules of Criminal Procedure, Amendment 80 to the Arkansas Constitution has expressly specified that the Arkansas Supreme Court is vested with "the judicial power" of the state. Ark. Const., amend. 80, § 1. This includes the authority to prescribe the rules of pleading, practice, and procedure for all courts. Id. at § 3. *Page 6 
Even assuming Rule 9.2 and A.C.A. § 16-90-113 were read as potentially conflicting and of equal force, certain rules of statutory construction would support giving effect to Rule 9.2, as my predecessor did in Opinion No. 2001-226. First, enactments that are alleged to be in conflict must be reconciled, read together in a harmonious manner, and each given effect, if possible. Gritts v. State,315 Ark. 1,864 S.W.2d 859 (1993); City of Fort Smith v. Tate, 311 Ark. 405,844 S.W.2d 356
(1993). Repeal by implication is not favored and is "never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together." Donoho v.Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994). Moreover, a general statute normally does not apply where there is a specific statute governing a particular subject matter. Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994).
In my opinion, the language in A.C.A. § 16-90-113 providing that "a judgment for costs shall be rendered in addition to the other punishment" might quite plausibly be read as applying only to whatever costs are outstanding when and if a judgment is actually rendered. I do not read this language as foreclosing the alternative set forth in Rule 9.2 — namely acknowledging guilt and paying a fine and costs without ever having to appear in court. Moreover, I consider Rule 9.2 as more specific that A.C.A. § 16-90-113 in that the former addresses the narrow category of cases when a defendant wishes to avoid a trial altogether and merely pay whatever penalty a court might have imposed. I believe these conclusion are in complete accord with those my predecessor offered in Opinion No. 2001-226, and I do not believe either this opinion or that of my predecessor conflict in any way with previous opinions on this subject. In short, I believe that pursuant to Rule 9.2, an individual arrested on a misdemeanor charge, so long as a judicialofficer approves, might be cited by a sheriff or detention officer and voluntarily forfeit a warrant fee in lieu of appearing in court.
Having ventured this opinion, I should note that nothing guarantees that the warrant fee to be forfeited would equal the amount of an applicable fine; as noted in Rule 9.2, any amount posted in lieu of imposing a fine and costs as a condition of judgment may merely be "applied to a fine and costs" under the Rule. Moreover, I should stress that Rule 5.2 appears to contemplate only the issuance of a citation in lieu of continued pre-trial detention under the specified circumstances.See Op. Att'y Gen. No. 2007-240 ("The `release on own recognizance' standard appears to apply solely to pretrial detention pursuant to *Page 7 
Rule 5 of the Arkansas Rules of Criminal Procedure.") Rule 5.2 does not address the separate issue of forfeiting revenues paid pursuant to a citation in lieu of appearing in court.
Question 2: If your answer is in the affirmative, would this practiceconflict with Attorney General Opinion No. 2001-226, or any otheropinion previously issued by your office relating to the collection ofwarrant fees (Ops. Att'y Gen. Nos. 97-300, 89-241, 89-208)?
As reflected in my response to your first question, I see no conflict between my opinion here and any previous opinions issuing from this office, including Opinion No. 2001-206.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General *Page 1