The Honorable Ronald P. Kincade Prosecuting Attorney Fourteenth Judicial District
301 East Sixth Street, Suite 170 Mountain Home, Arkansas 72653
Dear Mr. Kincade:
I am writing in response to your request for an opinion on three questions, which I paraphrase as follows:
 (1) Must a county reimburse a constable's travel expenses incurred in connection with attending a course of training at the Arkansas Law Enforcement Training Academy ("ALETA") even though A.C.A. § 14-14-1207, a statute that until recently required reimbursement of certain of a constable's expenses, has been amended to delete all references to township officials?
 (2) If reimbursement is required, must the county reimburse all the constable's travel expenses or only those he would have incurred in attending a shorter ALETA course designed for constables?
 (3) If reimbursement is not required, may the county reimburse the constable nonetheless?
The constable at issue took office in January 2009. From August until November 2009, he attended ALETA's basic law enforcement officer training course. See
A.C.A. § 12-9-106 (Repl. 2009). The constable could have attended instead a shorter course designed for constables. See
A.C.A. §§ 12-9-115 (Repl. 2009), 14-14-1314(a)(1)(A)(i) (Supp. 2009). *Page 2 
After the training, he submitted a travel expense reimbursement request. The quorum court has deferred action on the request pending issuance of this opinion.
At the time the constable took office, a statute required counties to reimburse county and township officials, including constables, [1] for nondiscretionary expenses. See
A.C.A. § 14-14-1207 (Repl. 1998). Act 732 of 2009 amended the statute before the training course began, [2] however, to remove all references to township officials. See
A.C.A. § 14-14-1207 (Supp. 2009).
RESPONSE
With respect to your first two questions, it is my opinion that the county must reimburse the constable for his travel expenses incurred in connection with attending the longer, basic course. Because reimbursement is required, the condition stated in your third question makes my response unnecessary.
Question 1: Must a county reimburse a constable's travelexpenses incurred in connection with attending a course oftraining at the Arkansas Law Enforcement Training Academy ("ALETA")even though A.C.A. § 14-14-1207, a statute that until recentlyrequired reimbursement of certain of a constable's expenses, hasbeen amended to delete all references to township officials?
In my opinion, the reimbursement statute, A.C.A. § 14-14-1207, is not relevant here. Instead, as you noted in your request, a more specific statute states that "[t]he travel expenses of a constable in attending [ALETA] shall be paid by the county." A.C.A. § 12-9-206(b)(2) (Repl. 2009). This statute clearly requires the county to reimburse the constable's ALETA travel expenses.
I disagree with your suggestion that Act 732 may have repealed A.C.A. § 12-9-206(b)(2) by implication. Act 732 may evidence a legislative intent to end constables' statutory right to expense reimbursement in general. That intent is not *Page 3 
inconsistent, however, with the express requirement of A.C.A. § 12-9-206(b)(2) to pay specified travel expenses. Repeal by implication occurs only in cases of "invincible repugnancy" between statutes. Donoho v. Donoho,318 Ark. 637, 639, 887 S.W.2d 290 (1994). In addition, where, as here, a specific statute exists, it applies to the exclusion of the more general statute. See id.
 Question 2: If reimbursement is required, must the countyreimburse all the constable's travel expenses or only those he wouldhave incurred in attending a shorter ALETA course designed forconstables?
This question likely was predicated on an assumption that reimbursement is required, if at all, by the general reimbursement statute, which requires reimbursement of expenses incurred "in the conduct of official and nondiscretionary duties," but makes reimbursement optional for expenses of "the performance of discretionary functions and services. . . ." A.C.A. § 14-14-1207(a). I earlier opined that A.C.A. § 14-14-1314(a)(1), a statute requiring constables to complete certain training, including the ALETA course for constables, is nondiscretionary for reimbursement purposes.See Op. Att'y Gen. 2008-169 (predating Act 732). That opinion may be interpreted to mean that a constable's completion of ALETA's longer, basic training course is discretionary.
Because the answer to your question is provided by A.C.A. § 12-9-206(b)(2), however, the general reimbursement statute's discretionary/nondiscretionary distinction is not relevant here. The determinative statute requires the county to pay "[t]he travel expenses of a constable in attending [ALETA]." A.C.A. § 12-9-206(b)(2). The payment obligation is not limited to expenses of any particular training, whether optional or mandatory. In my opinion, the statute requires a county to pay a constable's travel expenses of any ALETA course. My conclusion here is reinforced by evidence of legislative intent that ALETA students bear no personal expense at all.[3]
 Question 3: If reimbursement is not required, may the countyreimburse the constable nonetheless? *Page 4 
Because the county must reimburse the expenses at issue in your opinion request, an answer to this question is unnecessary.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Constables are township officials for most purposes.See
Ark. Const. art. 7, § 47 (constables elected by township electors);see also Op. Att'y Gen. 2008-169 (constables, as township officials, entitled to certain expense reimbursement under A.C.A. § 14-14-1207 as it then provided).
[2] See Op. Att'y Gen. 2009-090 (acts of the Eighty-Seventh General Assembly's regular 2009 session with no emergency clause or specified effective date, including Act 732, became effective July 31, 2009).
[3] "[ALETA] shall furnish, without cost to applicants, the necessary food, lodging, laundry, and other necessary expenses while attending the academy." A.C.A. § 12-9-206(a). *Page 1 
 *page 1